IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| John Adams, | ) |
| *Plaintiff,* | ) ) ) |
| -vs- | ) No. 24-cv- ) |
| Latoya Hughes, Acting Director of the Illinois Department of Corrections, | ) ) ) ) ) |
| *Defendant.* | ) ) |

# COMPLAINT

Plaintiff John Adams, by counsel, alleges as follows:

1. This is a civil action arising under Section 202 of the Americans with Disabilities Act, 42 U.S.C. §12132, Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a), and the Civil Rights Remedies Restoration Act ("Restoration Act"), 775 ILCS 60/1 *et seq*. The jurisdiction of this Court is conferred by 28 U.S.C. §12133, 29 U.S.C. §794a(a)(2), and 28 U.S.C. § 1367.

2. Plaintiff John Adams is a resident of Illinois and a former detainee in the Illinois Department of Corrections assigned IDOC Number A97885.

3. Defendant Latoya Hughes is the Acting Director of the Illinois Department of Corrections. She has responsibilities for IDOC's policies and procedures and the administration of all correctional facilities in the state. Defendant Hughes resides in Chicago and performs official duties within the Northern District of Illinois. This matter is brought against Director Hughes in her official capacity.

4. During all times relevant, the IDOC received federal financial assistance for programs, services, and activities.

5. Since 1995, plaintiff has suffered from several chronic medical conditions, including severe osteoarthritis and, prior to entering the IDOC on July 20, 2022, had been hospitalized ten times during the prior twenty months for osteomyelitis. Plaintiff's medical conditions substantially limit his ability to move from place to place.

6. On July 20, 2022, plaintiff was proceeded into the Illinois Department of Corrections and assigned to the Graham Reception and Classification Center. Plaintiff remained at this location until October 22, 2022. A medical provider at Graham wrote an order for plaintiff to use a wheelchair to move from place to place.

7. Graham Reception and Classification Center opened in 1997.

8. This facility is designated by defendant as a location with structural design or modifications for a wheelchair-user.

9. None of the showers at Graham are compliant with the applicable federal structural standards. There are no mounted shower seats and there are inadequate grab bars to assist a mobility disabled person, like plaintiff, to shower.

10. Additionally, the water closets at Graham are not compliant with the applicable federal structural standards. There are no grab bars behind the water closet and, on information and belief, the water closets are too low for a mobility disabled inmate.

11. While plaintiff was at Graham there were about ten other detainees using a cane, crutch, walker or wheelchair.

12. Over the past two years there have been more than 40 detainees with a cane, crutch, walker, or wheelchair at Graham.

13. Plaintiff filed grievances about the inaccessible conditions at Graham. In response to one grievance, the Health Care Administrator responded in September of 2022, that plaintiff was on an "ADA waiting list" and "[a]s soon as an ADA bed is available" he would be transferred to a permanent facility.

14. Plaintiff was unable to toilet and shower on the same basis as non-disabled detainees at Graham because of obvious structural barriers. The inaccessible conditions caused plaintiff extreme pain and difficulty showering and toileting.

15. On October 22, 2022, plaintiff was transferred to the Big Muddy River Correctional Center.

16. The Big Muddy River Correctional Center opened in 1993.

17. Pursuant to IDOC Administrative Directive 04.01.111, this facility is designated by the Director of the IDOC as accessible for a wheelchair user because of "structural design or modification."

18. A wheelchair accessible shower, for a facility constructed at the time of Big Muddy River Correctional Center, must have a mounted shower seat. The shower also must have unobstructed access for a wheelchair-user to access the shower.

19. A wheelchair accessible toilet, for a facility constructed at the time of the Big Muddy River Correctional Center, must have a grab bar behind the water closet and there must be sufficient space for a wheelchair user to transfer.

20. At Big Muddy River Correctional Center, however, none of the showers are accessible for a wheelchair-user. The showers do not have mounted seats, as required by the federal accessibility standards. Instead, the IDOC offers portable chairs in some of the showers. The chairs are dangerous because they are unstable. The shower chairs also present a barrier for a wheelchair-user, like plaintiff, to transfer in and out.

21. The inaccessible shower conditions deprived plaintiff the ability to shower on the same basis as non-disabled inmates.

22. None of the water closets at Big Muddy River comply with the federal accessibility standards for a wheelchair-user. The water closets do not have sufficient space for a wheelchair-user, like plaintiff, to transfer and there are no grab bars behind the water closet.

23. To compound the problem, plaintiff's cell did not have enough space to ambulate with the assistance of his wheelchair which made it even more difficult to perform everyday activities of daily living, such as using the toilet and sink.

24. Additionally, there are no dayroom toilets for wheelchair-users. The only available dayroom toilet is on the second floor which plaintiff and similarly situated wheelchair-users are unable to access due to stairs.

25. Plaintiff was unable to toilet on the same basis as non-disabled inmates because of the obvious structural barriers and experienced pain.

26. At all times relevant, defendant has known that accessible showers and toilets must be provided to wheelchair-users and that the showers and toilets at Big Muddy River present an obvious danger.

27. Additionally, defendant Hughes received a letter from Equip for Equality on May 8, 2024 explaining it is dangerous to house wheelchair-users at Big Muddy River Correctional Center because of the obvious barriers toileting and showering.

28. Despite the obvious violation of federal law, defendant continues to assign wheelchair-users to Big Muddy River Correctional Center.

29. Plaintiff seeks damages individually and requests that the Court allow this case to produce as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure for all individuals assigned to the Graham Reception and Classification Center from October 11, 2022 to the date of entry of judgment who were prescribed a wheelchair, cane, crutch, or walker by a prison medical provider.

30. Plaintiff hereby requests trial by jury on his claim for damages.

It is therefore respectfully requested that the Court certify this case under Rule 23(b)(3) of the Federal Rules of Civil Procedure, that the Court award appropriate damages available under law, and that the Court award reasonable attorney's fees and costs.

/s/ <u>Patrick W. Morrissey</u>
ARDC No. 6309730
Thomas G. Morrissey
Thomas G. Morrissey, Ltd.
10257 S. Western Ave.
Chicago, Illinois 60643
(773) 233-7901
pwm@morrisseylawchicago.com
*Attorney for Plaintiff*